```
 1  KAREN P. HEWITT
    United States Attorney
 2  CHARLES A. O'REILLY
    California State Bar No. 160980
 3  CHRISTOPHER S. STRAUSS
    Special Assistant U.S. Attorneys
 4  United States Attorney's Office
    880 Front Street, Room 6293
 5  San Diego, California 92101-8893
 6  Attorneys for Plaintiff
    United States of America
 7
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal Case No.  08CR0918-L |
| Plaintiff, | GOVERNMENT'S MOTION FOR ORDER ALLOWING LIMITED DISCLOSURE OF TAX RETURN INFORMATION AND FOR PROTECTIVE ORDER |
| v. | |
| FE S. GARRETT | (26 U.S.C. § 6103; Fed. R. Crim. P. 16) |
| Defendant. | |

   The United States of America, by and through Karen P. Hewitt, United States Attorney, and Charles A. O'Reilly and Christopher S. Strauss, Special Assistant United States Attorneys, respectfully moves the Court for an Order allowing the government to make limited disclosure of tax returns and return information pursuant to 26 U.S.C. § 6103(h)(4)(D), 18 U.S.C. § 3500, and Fed. R. Crim. P. 16(a) and (c); and for a protective order to restrict the copying, dissemination, and use of such information to the instant prosecution pursuant to Fed. R. Crim. P. 16(d)(1).  In advance of the filing of this motion, defense counsel was provided a copy of this motion and a copy of the proposed order.  On April 15, 2008, defense counsel advised the government that the

1   defense has no objection to the motion or proposed order.

2       As grounds for this motion, the government states as follows:

3       1.    On March 27, 2008, a federal Grand Jury in the Southern District of California

4   returned an Indictment charging the defendant, Fe S. Garrett, with violations of Title 26, United

5   States Code, Sections 7206(1), 7206(2), and 7203.

6       2.    Title 26, United States Code, Section 6103 generally prohibits, with certain

7   exceptions, the disclosure of "any return or return information." 26 U.S.C. § 6103(a).

8       3.    Title 26, United States Code, Section 6103(b)(1) and (b)(2) define "return" and

9   "return information" broadly to include, *inter alia*, all tax and information returns filed with the

10  Internal Revenue Service and any information regarding a taxpayer's identity, the nature and

11  source of a taxpayer's income and expenses, tax liability, tax deficiency, tax payments, and "any

12  other data, received by, recorded by, prepared by, furnished to, or collected by" the Internal

13  Revenue Service.

14      4.    Title 26, United States Code, Section 6103(b)(3) defines "taxpayer return

15  information" as "return information" which is filed with or furnished to the Internal Revenue

16  Service by or on behalf of the taxpayer to whom the return information relates.

17      5.    Third-party tax return and return information may be disclosed in a federal

18  judicial proceeding pertaining to tax administration "to the extent required by an order of a court

19  pursuant to Section 3500 of Title 18, United States Code, or Rule 16 of the Federal Rules of

20  Criminal Procedure, such court being authorized in the issuance of such an order to give due

21  consideration to congressional policy favoring the confidentiality of returns and return

22  information . . . ." 26 U.S.C. § 6103(h)(4)(D).

23      6.    The pending criminal case is a federal judicial proceeding pertaining to tax

24  administration within the meaning of Title 26, United States Code, Section 6103(h)(4). See 26

25  U.S.C. § 6103(b)(4) (defining "tax administration").

26      7.    Federal Rule of Criminal Procedure 16(a)(1)(E) requires the government, upon

27  request, to provide defendant access to, and permission to copy, papers, documents, and data that

28  is within the government's possession, custody, or control if (1) the item is material to the

1 preparation of the defense; (2) the government intends to use the item in its case-in-chief; or (3)
2 the item was obtained from or belongs to the defendant.
3       8. Federal Rule of Criminal Procedure 16(c) establishes a continuing duty to
4 disclose evidence that is subject to discovery pursuant to Rule 16.
5       9. Title 18, United States Code, Section 3500(b) provides that after a government
6 witness has testified on direct examination, the Court shall order the government to produce any
7 statement of the witness in the government's possession which relates to the subject matter of the
8 witness's testimony.
9       10. The United States acknowledges that pursuant to Rule 16(a), it will be required to
10 provide the defense with access to third-party tax returns and return information within the
11 government's possession, custody, and control, which returns and return information are material
12 to the preparation of the defense, intended for use in the government's case-in-chief, or obtained
13 from the defendant.  Such information includes return and return information of defendant's
14 spouse, clients for whom the government alleges the defendant prepared false and fraudulent tax
15 returns, and other third-party return and return information obtained by the Internal Revenue
16 Service from the defendant's tax return preparation business.
17       11. The United States acknowledges that it will be required to produce the statements
18 of government witnesses, which the government anticipates will include statements made by the
19 defendant's clients and Internal Revenue Service personnel, pursuant to Title 18, United States
20 Code, Section 3500.  The witness statements include return and return information pertaining to
21 third parties, such as defendant's tax preparation clients and those clients' spouses and
22 dependents.
23       12. The United States acknowledges its continuing duty pursuant to Federal Rule of
24 Criminal Procedure 16(c) to disclose to the defense evidence that is discoverable pursuant to
25 Rule 16, and further acknowledges the possibility that additional return and return information
26 may be obtained prior to or during trial that is discoverable pursuant to Rule 16 and relevant to
27 this prosecution.
28       13. Federal Rule of Criminal Procedure 16(d)(1) affords the Court the authority to

3

1 make appropriate orders with respect to any and all discovery and inspection of documents and
2 tangible objects.

3     14.     A protective order is necessary to permit the government to fulfill its discovery
4 obligations while giving due regard to the congressional policy favoring the confidentiality of
5 return and return information.

6     WHEREFORE the United States respectfully requests that the Court issue an Order,
7 which provides that:

8     1.     The United States may disclose to defense counsel and the defendant return and
9 return information, in accordance with its discovery obligations pursuant to Federal Rule of
10 Criminal Procedure 16 and Title 18, United States Code, Section 3500.

11     2.     The United States may disclose to defense counsel and the defendant additional
12 return or return information subject to its continuing duty of disclosure pursuant to Federal Rule
13 of Criminal Procedure 16(c) without making separate application to the Court.

14     3.     Defense counsel shall maintain the returns and return information provided by the
15 United States in the defense counsel's custody and disclose return and return information only to
16 the defendant and defense counsel's investigator (who consents to the jurisdiction and Order of
17 this Court).  Defense counsel shall not reproduce or disseminate any return or return information
18 without further order of the Court.

19     4.     With respect to any copies made at the request and expense of defense counsel of
20 evidence which is stored by the Internal Revenue Service in relation to this case, any and all
21 return and return information contained therein shall be subject to this Order; and any and all
22 return and return information contained therein shall not be further copied or disseminated
23 without further order of the Court.

24     5.     With respect to any discovery provided by the government in this case, said
25 discovery is for use in the defense of this criminal case only and shall be returned to the
26 government upon demand for destruction after the completion of the proceedings.

27     6.     Nothing in the Court's order requires the government to provide discovery beyond
28 what is required by Rule 16, Federal Rules of Criminal Procedure and the Court's discovery

1 | orders and production schedule.

2 |     7.    The defendant and defense counsel shall file an acknowledgment of this Order within 10 days of the date of this Order.

DATED: April 15, 2008

        Respectfully submitted,

        KAREN P. HEWITT
        United States Attorney

        /s/ Christopher S. Strauss
        Christopher S. Strauss
        Special Assistant United States Attorney
        Attorneys for Plaintiff
        United States of America
        Email: Christopher.S.Strauss@usdoj.gov