FILED
08 MAY 29 AM 10: 59
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: ECL
                  DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

January 2007 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Criminal Case No. <u>08CR0918-L</u> |
| Plaintiff, ) | <u>I N D I C T M E N T</u> |
| ) | **(Superseding)** |
| v. ) | Title 26, U.S.C., Sec. 7206(2) - Aiding and |
| FE S. GARRETT, ) | Assisting the Filing of False Income Tax |
| ) | Returns; Title 26, U.S.C., Sec. 7206(1) - |
| Defendant. ) | Filing of False Income Tax Returns; Title 26, |
| ) | U.S.C., Sec. 7203 - Willful Failure to Pay Tax |
| ) | (Misdemeanor) |

The Grand Jury charges:

<u>Introductory Allegations</u>

1.  At all times material to this Indictment, defendant FE S. GARRETT (hereinafter "defendant GARRETT") was a married individual and a resident of National City, California, located within the Southern District of California.

2.  From on or before 1998, and continuing through at least December 31, 2006, defendant GARRETT was a self-employed individual who earned and received income from two businesses: a business in which she earned and received fees for providing various accounting, bookkeeping and tax-related services to clients, including tax return preparation services (hereinafter the "tax-related business"); and a real estate sales and loan-related business in which she earned and received fees and commissions for providing various services to clients, including mortgage re-financing services (hereinafter the "real estate business").

CSS:em:San Diego
5/28/08

3. From on or before 1998, and continuing through at least December 31, 2006, defendant GARRETT operated her tax-related business under various names, including "Faye's Tax Service," "Fe's Tax Service," "Garrett's Tax Service" and "D and M Tax Service."

4. From on or before 1998, and continuing through at least December 31, 2006, defendant GARRETT operated the tax-related business out of several locations in National City, California, including 1210 E. 2nd St. and 914 E. 8th St., Suites 211 and 213.

5. Internal Revenue Service records reflect that defendant GARRETT prepared and caused to be prepared approximately 1,365 tax returns in 2001, 1,601 tax returns in 2002, and 1,448 tax returns in 2003. Defendant GARRETT charged most clients between approximately $150.00 and $250.00 for the preparation of their tax returns.

6. From on or before 1998, and continuing through at least December 31, 2006, defendant GARRETT operated her real estate-based business at various locations in National City, California, including 1210 E. 2nd St. and 914 E. 8th St., Suites 211 and 213.

7. From on or about December 4, 2002, and continuing through at least December 31, 2006, defendant GARRETT operated her real estate business under the name of "Garrett's Realty and Mortgage," a business that was registered with the County of San Diego as being located at 914 E. 8th Street, Apt. 213 in National City, California.

8. California law requires individuals who prepare tax returns for a fee to register with the California Tax Education Council (hereinafter "CTEC") and complete continuing education courses in state and federal taxation annually. From in or about October 1997, and continuing until at least December 31, 2007, defendant GARRETT was a tax return preparer registered with CTEC.

9. Defendant GARRETT aided and assisted in the preparation of false and fraudulent U.S. Individual Income Tax Returns, Forms 1040, for tax years 2001 and 2002, on which defendant GARRETT created and caused to be created fraudulent deductions which decreased her clients' tax liabilities.

//

## COUNTS 1 THROUGH 20

## (AIDING AND ASSISTING IN THE PREPARATION OF A FALSE TAX RETURN

## 26 U.S.C. § 7206(2))

10. The Grand Jury realleges and incorporates the Introductory Allegations as though fully set out herein.

11. On or about the following dates, within the Southern District of California and elsewhere, defendant GARRETT did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation to the Internal Revenue Service the following U.S. Individual Income Tax Returns, Forms 1040, either individual or joint, for the tax years specified, which were false and fraudulent as to material matters, in that each return represented that the individual or individuals described in the table below were entitled under the provisions of the Internal Revenue laws to claim Itemized Deductions, Child Care Expenses, and Schedule E Rental Real Estate expenses in amounts specified, whereas defendant GARRETT then and there well knew and believed that the said individual or individuals were not entitled to claim the deductions in said amounts, but in lesser amounts or none at all:

| Count | Date of Offense | Taxpayers' Initials | Tax Year | False Item(s) | Amount Claimed |
|---|---|---|---|---|---|
| 1 | 05/10/2002 | D.A. and Z.A. | 2001 | Form 1040 - line 36 - Itemized Deductions | $130,525 |
| 2 | 04/15/2003 | D.A. and Z.A. | 2002 | Form 1040 - line 38 - Itemized Deductions | $90,513 |
| 3 | 04/15/2002 | H.D. and M.D. | 2001 | Form 1040 - line 36 - Itemized Deductions | $48,888 |
| 4 | 08/10/2003 | H.D. and M.D. | 2002 | Form 1040 - line 38 - Itemized Deductions | $64,097 |
| 5 | 10/16/2002 | P.A. | 2001 | Form 1040 - line 36 - Itemized Deductions | $32,814 |
| 6 | 04/15/2002 | C.A. | 2001 | Form 1040 - line 36 - Itemized Deductions | $60,132 |

| Count | Date of Offense | Taxpayers' Initials | Tax Year | False Item(s) | Amount Claimed |
|---|---|---|---|---|---|
| 7 | 04/15/2002 | E.A. and M.D. | 2001 | Form 1040 - line 36 - Itemized Deductions | $51,323 |
| 8 | 04/15/2003 | E.A. and M.D. | 2002 | Form 1040 - line 38 - Itemized Deductions | $52,028 |
| 9 | 04/15/2002 | V.D. and Z.D. | 2001 | Form 1040 - line 36 - Itemized Deductions | $56,518 |
| 10 | 04/15/2003 | V.D. and Z.D. | 2002 | Form 1040 - line 38 - Itemized Deductions | $68,208 |
| 11 | 04/15/2002 | J.D.C. and R.C. | 2001 | Form 1040 - line 36 - Itemized Deductions | $26,315 |
| | | | | Form 2441 - line 1(a), (b), (c), and (d) - Child and Dependent Care Expenses | $1,960 |
| 12 | 04/15/2003 | J.D.C. and R.C. | 2002 | Form 1040 - line 38 - Itemized Deductions | $32,992 |
| | | | | Form 2441 - line 1(a), (b), (c), and (d) - Child and Dependent Care Expenses | $2,115 |
| 13 | 10/25/2002 | V.H. and J.H. | 2001 | Form 1040 - line 36 - Itemized Deductions | $31,596 |
| 14 | 10/27/2003 | V.H. and J.H. | 2002 | Form 1040 - line 38 - Itemized Deductions | $28,547 |
| 15 | 04/15/2002 | A.C. and V.C. | 2001 | Form 1040 - line 36 - Itemized Deductions | $29,553 |
| 16 | 04/15/2003 | A.C. and V.C. | 2002 | Form 1040 - line 38 - Itemized Deductions | $36,484 |

| Count | Date of Offense | Taxpayers' Initials | Tax Year | False Item(s) | Amount Claimed |
|---|---|---|---|---|---|
| 17 | 04/15/2003 | T.M. and M.M. | 2002 | Form 1040 - line 38 - Itemized Deductions | $31,916 |
| 18 | 05/05/2002 | L.F. | 2001 | Form 1040 - line 36 - Itemized Deductions | $48,941 |
| 19 | 04/15/2003 | L.F. | 2002 | Form 1040 - line 38 - Itemized Deductions | $56,568 |
| 20 | 04/15/2002 | S.D. and L.D. | 2001 | Form 1040 - line 36 - Itemized Deductions | $20,787 |
| | | | | Schedule E - line 19 - Total Expenses | $11,764 |

All in violation of Title 26, United States Code, Section 7206(2).

## COUNT 21

### (FILING A FALSE INCOME TAX RETURN -- 26 U.S.C. § 7206(1))

12. The Grand Jury realleges and incorporates the Introductory Allegations as though fully set out herein.

13. On or about October 25, 2002, within the Southern District of California and elsewhere, defendant GARRETT did willfully make and subscribe a U.S. Individual Income Tax Return, Form 1040, for the calendar year 2001, which was verified by a written declaration that it was made under the penalties of perjury and was filed with the Internal Revenue Service, and which said income tax return she did not believe to be true and correct as to every material matter in that it (1) failed to report all of the business gross receipts defendant GARRETT earned and received, whereas defendant GARRETT then and there well knew and believed that her business gross receipts were greater than the amount reported; and (2) fraudulently claimed Head of Household filing status, whereas defendant GARRETT then and there well knew and believed that she was not entitled to claim Head of Household filing status.

All in violation of Title 26, United States Code, Section 7206(1).

//

## COUNT 22

**(FILING A FALSE INCOME TAX RETURN -- 26 U.S.C. § 7206(1))**

14. The Grand Jury realleges and incorporates the Introductory Allegations as though fully set out herein.

15. On or about October 17, 2003, within the Southern District of California and elsewhere, defendant GARRETT did willfully make and subscribe a U.S. Individual Income Tax Return, Form 1040, for the calendar year 2002, which was verified by a written declaration that it was made under the penalties of perjury and was filed with the Internal Revenue Service, and which said income tax return she did not believe to be true and correct as to every material matter in that it (1) failed to report all of the business gross receipts defendant GARRETT earned and received, whereas defendant GARRETT then and there well knew and believed that her business gross receipts were greater than the amount reported; and (2) fraudulently claimed Head of Household filing status, whereas defendant GARRETT then and there well knew and believed that she was not entitled to claim Head of Household filing status.

All in violation of Title 26, United States Code, Section 7206(1).

## COUNT 23

**(FILING A FALSE INCOME TAX RETURN -- 26 U.S.C. § 7206(1))**

16. The Grand Jury realleges and incorporates the Introductory Allegations as though fully set out herein.

17. On or about October 19, 2005, within the Southern District of California and elsewhere, defendant GARRETT did willfully make and subscribe a U.S. Individual Income Tax Return, Form 1040, for the calendar year 2004, which was verified by a written declaration that it was made under the penalties of perjury and was filed with the Internal Revenue Service, and which said income tax return she did not believe to be true and correct as to every material matter in that it failed to report all of the business gross receipts defendant GARRETT earned and received, whereas

//

defendant GARRETT then and there well knew and believed that her business gross receipts were greater than the amount reported.

All in violation of Title 26, United States Code, Section 7206(1).

## COUNT 24

### (FILING A FALSE INCOME TAX RETURN -- 26 U.S.C. § 7206(1))

18. The Grand Jury realleges and incorporates the Introductory Allegations as though fully set out herein.

19. On or about October 19, 2006, within the Southern District of California and elsewhere, defendant GARRETT did willfully make and subscribe a U.S. Individual Income Tax Return, Form 1040, for the calendar year 2005, which was verified by a written declaration that it was made under the penalties of perjury and was filed with the Internal Revenue Service, and which said income tax return she did not believe to be true and correct as to every material matter in that it failed to report all of the business gross receipts defendant GARRETT earned and received, whereas defendant GARRETT then and there well knew and believed that her business gross receipts were greater than the amount reported.

All in violation of Title 26, United States Code, Section 7206(1).

## COUNTS 25 THROUGH 30

### (WILLFUL FAILURE TO PAY TAX -- 26 U.S.C. § 7203)

(Misdemeanor)

20. The Grand Jury realleges and incorporates the Introductory Allegations as though fully set out herein.

21. During each of the calendar years identified below defendant GARRETT, who was a resident of National City, California, within the Southern District of California, had and received taxable income on which taxable income there was owing to the United States of America an income tax; that she was required by law on or before the date indicated to pay said income tax to the Secretary or other proper officer at the Internal Revenue Service Center, at Fresno, California, or to any proper

officer at the local office of the Internal Revenue Service at San Diego, California, within the Southern District of California, or any other proper officer of the United States; and that well-knowing and believing all of the foregoing, she did willfully fail to timely pay the said income tax to any proper officer at the Internal Revenue Service Center at Fresno, California, or to any proper officer at the local office of the Internal Revenue Service at San Diego, California, or to any other proper officer of the United States:

| Count | Date of Offense | Tax Year | Taxable Income | Income Tax Due and Owing |
|---|---|---|---|---|
| 25 | 04/15/2002 | 2001 | $18,604 | $5,714 |
| 26 | 04/15/2003 | 2002 | $27,268 | $9,585 |
| 27 | 04/15/2004 | 2003 | $485,569 | $181,678 |
| 28 | 04/15/2005 | 2004 | $42,738 | $14,860 |
| 29 | 04/17/2006 | 2005 | $104,664 | $38,996 |
| 30 | 04/16/2007 | 2006 | $77,945 | $28,649 |

All in violation of Title 26, United States Code, Section 7203, a misdemeanor.

DATED: May 29, 2008

A TRUE BILL:

_____
Foreperson

KAREN P. HEWITT
United States Attorney

By: _____
CHRISTOPHER S. STRAUSS
Special Assistant U.S. Attorney