KAREN P. HEWITT
United States Attorney
CHARLES A. O'REILLY
California State Bar No. 160980
CHRISTOPHER S. STRAUSS
Special Assistant U.S. Attorneys
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Criminal Case No.  08CR0918-L |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | GOVERNMENT'S MOTION FOR HEARING REGARDING DEFENDANT'S PRO SE STATUS |
| FE S. GARRETT | ) | |
| Defendant. | ) | |

Plaintiff, United States of America, by and through its counsel Karen P. Hewitt, United States Attorney, and Christopher S. Strauss and Charles A. O'Reilly, Special Assistant United States Attorneys, hereby respectfully move the Court to conduct additional inquiry of defendant regarding her waiver of her right to counsel and her request to represent herself in this case.

On May 29, 2008, United States Magistrate Judge Anthony J. Battaglia granted the defendant's request to proceed *pro se* in this case. The government is not seeking reconsideration and/or clarification of the Magistrate Judge's order granting the defendant's request. However, for the reasons stated below, the government requests that the court conduct additional inquiry of the defendant during the scheduled motions hearing on June 30, 2008, to insure that the defendant's waiver of her right to counsel is unequivocal. The government respectfully submits that a clarification of defendant's desire to proceed *pro se* along with a clarification of the role of standby

counsel in upcoming stages of this case will assist both the government and the defendant in insuring that this case proceed in an orderly manner.

## BACKGROUND[1]

At the defendant's request, a hearing with respect to a modification of defendant's conditions of release was set on May 29, 2008, before United States Magistrate Judge Anthony J. Battaglia. Immediately prior to that hearing, the defendant's attorney, Erica Zunkel of the Federal Defenders Office, advised the government that the defendant wished to waive her right to counsel and represent herself in this case. Pursuant to defendant's request, the court engaged in a colloquy with the defendant regarding her expressed desire to waive the assistance of counsel and proceed *pro se*. In response to the court's inquiry, the defendant advised the court that (1) she was highly educated and had formal background in real estate and business law; (2) she was familiar with the statutes pursuant to which she was charged in this case; and (3) that she had read prosecution procedures and the United States Constitution.

The court detailed the nature of the thirty charges contained in the Superseding Indictment which the defendant stated she understood. At the request of the court, the government advised the defendant of the maximum penalties she faced with respect to each count charged in the Superseding Indictment. The court explained that if the defendant were convicted, the District Court could sentence the defendant to consecutive terms on each count. The court also explained supervised release to the defendant, including the possibility that she could be sentenced to an additional term of incarceration if supervised release were revoked. The defendant indicated clearly that she understood the penalties and the exposure she faced in this case. In response to the court's inquiry as to the defendant's understanding of the sentencing guidelines, the defendant indicated that although she knew about the guidelines, she was unable to research those guidelines.

The court next explained to the defendant, and the defendant indicated that she understood,

---

[1] The recitation of facts is based upon the government's review of the audio recording of the hearing conducted in front of United States Magistrate Judge Anthony J. Battaglia on May 29, 2008. Electronic copies of the audio recording were forwarded to standby counsel, Erica Zunkel of the Federal Defenders of San Diego and the defendant on June 11, 2008 and June 12, 2008, respectively.

that if she chose to represent herself, that she would be on her own in handling the case inasmuch as the court would not provide advice to her with respect to how to defend the case, and the prosecutor would be her adversary and would attempt to secure a conviction against her. The defendant indicated that she had studied the Federal Rules of Evidence, that she was familiar with the Federal Rules of Criminal Procedure, and further, that she understood that she would be subject to those rules in the same manner as would a trained lawyer.

The United States Magistrate Judge advised the defendant of his view that the best way to proceed in a criminal case was to be represented by counsel and that it was unwise for the defendant to represent herself, even despite some knowledge of the rules of evidence and procedure, due to her lack of expertise. The court urged the defendant to strongly consider not representing herself and proceed in this case with the assistance of counsel.

After being cautioned by the court as stated above, the defendant indicated that she still desired to represent herself and that her decision to represent herself was voluntary. In response to the court's inquiry, the defendant stated that her request to represent herself was not a request for a different lawyer, but a request to defend the case herself. Finally, the court asked the defendant how she would feel if the court granted her request to represent herself and also appointed Ms. Zunkel standby counsel to assist her in the case, to which the defendant responded, "I would really appreciate that, Your Honor."

Based upon the defendant's representations to the court, the court found that the defendant, although not a trained lawyer, was knowingly and voluntarily waiving her right to counsel. Accordingly, the court ruled that the defendant would be allowed to represent herself. The court appointed Ms. Zunkel standby counsel to assist the defendant in the case and to be available to replace the defendant if, at a later time, the district court decided that the defendant was unable to continue representing herself for any reason.

Near the conclusion of the hearing on defendant's request to proceed *pro se*, after the defendant had maintained that she wanted represent herself, was familiar with the rules of evidence and the rules of criminal procedure, was familiar with the statutes pursuant to which she was

1  charged, and after the defendant indicated that she was requesting self-representation rather than a
2  substitution of counsel, the defendant appeared to reverse course by expressing the need for the
3  assistance of counsel in the following colloquy:

| | |
|---|---|
| THE COURT: | It would be my plan to have Ms. Zunkel continue as your standby counsel. Do you have any objection to that? |
| DEFENDANT: | Your honor, I need one. |
| THE COURT: | Okay. I understand. Alright. Well, I'm going to find that you have made the requisite knowing and voluntary waiver. You are now your own counsel of record with Ms. Zunkel and the Federal Defenders Office being your standby for purposes of the proceedings. |

The court next turned to the issue of defendant's bond modification. Defendant's standby counsel proceeded to argue that motion based upon her stated understanding that as defendant's standby counsel, she could argue legal matters on behalf of the defendant.

## ARGUMENT

A criminal defendant has a right pursuant to the Sixth Amendment to waive the assistance of counsel and represent herself in a criminal proceeding. See Faretta v. California, 422 U.S. 806, 834 (1975). In order to be valid, the waiver of the right to the assistance of counsel must be timely, not for purposes of delay, voluntary, intelligent, and unequivocal. United States v. Hernandez, 203 F.3d 614, 620 (9th Cir. 2000). With respect to the requirement that a waiver be unequivocal, the Ninth Circuit has noted:

> A defendant must make an explicit choice between exercising the right to counsel and the right to self-representation so that a court may be reasonably certain that the defendant wishes to represent [herself].

United States v. Arlt, 41 F.3d 516, 519 (9th Cir. 1994) (citing Adams v. Carroll, 875 F.2d 1441, 1444 (9th Cir. 1989) (alteration supplied). An unequivocal demand to proceed *pro se* must be sufficiently clear that, if granted, the defendant may not then assert that the trial court improperly denied her representation of counsel. See Meeks v. Craven, 482 F.2d 465, 467 (9th Cir. 1973). The requirement that a waiver of counsel be unequivocal serves two purposes: it ensures that a criminal

defendant does not inadvertently waive the right to counsel based upon "occasional musings on the benefits of self-representation," and it prevents a defendant from taking advantage of the mutual exclusivity of the rights to counsel and self representation. Adams, 875 F.2d at 1444. An unequivocal waiver prevents a court from being whipsawed by a later claim that defendant was denied the assistance of counsel by "forcing the defendant to make an explicit choice." See Adams, 875 F.2d at 1444 (citing Meeks, 482 F.2d at 468). If a defendant equivocates, she is presumed to have requested the assistance of counsel. See id.

Throughout the court's colloquy with the defendant, the defendant consistently stated that she wanted to represent herself and represented to the court that she was familiar with the charges she faced and had studied the rules of evidence and criminal procedure. However, upon the appointment of standby counsel, the defendant affirmatively expressed that she needed counsel to assist her in litigating the case. The defendant's statement regarding the need for assistance of standby counsel stands in contrast to her consistent statements to the court during the hearing regarding her desire and ability to represent herself and calls into doubt whether the defendant's waiver of her right to counsel was unequivocal. The confusion as to the defendant's waiver of representation by counsel was further exacerbated when after granting the defendant's motion to proceed *pro se*, standby counsel proceeded to argue the motion for modification of bond.

A noted above, the government is not challenging the Magistrate Judge's ruling granting the defendant's request to proceed *pro se*. The government does not contend that the court's appointment of standby counsel or that counsel's participation in the case by arguing a bond motion or other motions on the defendant's behalf, if done with the defendant's approval, is *per se* objectionable. Appointment of standby counsel is not necessarily inconsistent with a defendant's right to represent herself, see McKaskle v. Wiggins, 486 U.S. 168, 184 (1984); Savage v. Estelle, 924 F.2d 1459, 1462 (9th Cir. 1991), and "participation by standby counsel with a *pro se* defendant's express approval is constitutionally unobjectionable." McKaskle, 465 U.S. at 182.[2]  However,

---

[2]The Supreme Court has placed limitations on standby counsel's *unsolicited* participation in the
(continued...)

unlike the right to waive counsel and represent oneself, a criminal defendant does not have a constitutional right to "hybrid" representation United States v. Kienenberger, 13 F.3d 1354, 1356 (9th Cir. 1994) (citing McKaskle, 465 U.S. at 183). That is, there is no constitutional right to proceed *pro se* and have the assistance of "advisory counsel," "standby counsel," or "co-counsel." See McKaskle, 465 U.S. at 183 ("Faretta does not require a trial judge to permit "hybrid" representation of the type [the defendant] was actually allowed."); Locks v. Sumner, 703 F.2d 403, 407-408 (9th Cir. 1983).[3/] Instead, the decision as to whether to appoint standby or consultive counsel is within the discretion of the trial court. Locks, 703 F.2d at 408.

Although the court conducted a properly appointed standby counsel who may, subject to certain limitations, participate in assisting the defendant in the litigation of this case, the defendant's expressed need for advisory counsel and apparent reliance on counsel to argue the bond modification motion does implicate the question of whether her waiver of her right to counsel was unequivocal. Throughout the course of the court's colloquy with the defendant, the defendant indicated a clear desire and ability to proceed without the assistance of counsel; later the defendant stated that she needed the assistance of counsel. It is unclear at this juncture whether the defendant is sincerely seeking to represent herself in this case, or simply asserting a desire to participate in the

---

[2/](...continued)
litigation of a case in which a defendant is proceeding *pro se*. As noted by the Ninth Circuit:

> Those limitations are, first, that "the *pro se* defendant is entitled to preserve actual control over the case he chooses to present to the jury," and, second, that "participation of standby counsel without the defendant's consent should not be allowed to destroy the jury's perception that the defendant is representing himself." *Id.* at 178, 104 S.Ct. 944.

Frantz v. Hazey, 513 F.3d 1002, 1017 (9th Cir. 2008) (quoting McKaskle, 465 U.S. at 178).

[3/]The Ninth Circuit has given the terms "advisory counsel," "standby counsel" and "co-counsel" different meanings. The term "advisory counsel" refers to a "situation when a pro se defendant is given technical assistance by an attorney in the courtroom, but the attorney does not participate in the actual conduct of the trial." United States v. Salemo, 81 F.3d 1453, 1456 n.2 (9th Cir. 1996) (citing Locks, 703 F.2d at 407). The term "standby counsel," a type of advisory counsel, describes the situation where a pro se defendant is given the assistance of "advisory counsel" who may take over the defense if the defendant for some reason cannot continue to represent herself. Locks, 703 F.2d at 407 n.3. In contrast to those situations, an attorney appointed as "co-counsel" may participate directly in the trial proceedings with the defendant. Id. at 407.

1  proceedings at times she elects while still being represented by counsel.  Clearly, the latter
2  possibility is not consistent with the requirement that the defendant make "an explicit choice"
3  between representation by counsel and waiving her right to counsel.  See Arlt, 41 F.3d at 519.
4      In light of the circumstances surrounding the May 29, 2008 hearing, a clarification of the
5  defendant's desire to proceed *pro se*, and a clarification of the defendant's general intention
6  regarding the relative roles of the defendant and standby counsel with respect to current and future
7  stages of this criminal proceeding, such as discovery, motions, and trial, will assist the government,
8  the defendant and the Court in insuring that the case proceed in an orderly manner.  A request to
9  appear *pro se* coupled with or conditioned on the continued assistance by advisory or standby
10 counsel has been found not to be unequivocal; in such circumstances, the defendant has not clearly
11 relinquished the right to be represented by counsel.  See United States v. Salemo, 81 F.3d 1453,
12 1460 (9th Cir. 1996) (finding that a request to proceed *pro se* coupled with an insistence on
13 appointment of counsel pursuant to the Criminal Justice Act was not an unequivocal waiver of the
14 right to counsel); Kienenberger, 13 F.3d at 1356 (holding that a defendant whose requests to be
15 "counsel of record" were accompanied by an insistence on appointment of standby counsel never
16 relinquished his right to be represented by counsel at trial); see also United States v. Oakey, 853
17 F.2d 551, 553 (7th Cir. 1988) (finding defendant's request for self-representation with co-counsel
18 was not unequivocal because it did not entail a clear waiver of the right to representation).
19 ////

28 Government's Motion for Additional Inquiry
Regarding Defendant's Waiver of Right to Counsel     7     08CR0918-L

## **CONCLUSION**

For the reasons stated above, the government requests that the Court engage in additional inquiry with respect to defendant's waiver of her right to counsel in order to insure that the defendant's waiver is unequivocal and in order to clarify the role of standby counsel in this case. The government respectfully requests that the Court conduct such additional inquiry during the motions hearing scheduled on June 30, 2008, at 2:00 P.M.

DATED:  June 12, 2008

/s/ Christopher S. Strauss
Christopher S. Strauss
Special Assistant United States Attorney
Attorney for Plaintiff
United States of America
Email: Christopher.S.Strauss@usdoj.gov