KAREN P. HEWITT
United States Attorney
CHARLES A. O'REILLY
California State Bar No. 160980
CHRISTOPHER S. STRAUSS
Special Assistant U.S. Attorneys
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal Case No. 08CR0918-L |
| Plaintiff, | |
| v. | JOINT MOTION TO CONTINUE PRETRIAL PROCEEDINGS AND TRIAL DATE PURSUANT TO THE SPEEDY TRIAL ACT |
| FE S. GARRETT | |
| Defendant. | 18 U.S.C. § 3161 |

Plaintiff, United States of America, by and through its counsel Karen P. Hewitt, United States Attorney, and Charles O'Reilly and Christopher S. Strauss, Special Assistant United States Attorneys, and defendant Fe. S. Garrett, hereby jointly move the court for a continuance of pretrial proceedings that will permit the defendant to adequately prepare for pretrial motions and to prevent a miscarriage of justice, consistent with the Speedy Trial Act, 18 U.S.C. § 3161(h)(8)(A), (B)(i) and (iv).

The parties stipulate and agree that the pretrial motions hearing schedule in the above-captioned case should be continued in order to permit the defense adequate time to effectively prepare for filing pretrial motions. The parties request that the pretrial motions hearing in this case

1  be set on August 25, 2008, and that a trial date be set thereafter within the remaining non-excludable
2  time.
3        On March 27, 2008, a grand jury returned an Indictment against the defendant charging her
4  with 20 counts of aiding and assisting in the preparation and presentation of false tax returns, in
5  violation of 26 U.S.C. § 7206(2), 2 counts of filing false tax returns in violation of 26 U.S.C.
6  § 7206(1), and 3 counts of willful failure to pay tax, in violation of 26 U.S.C. § 7203.  The
7  defendant's arraignment and initial appearance with respect to the Indictment was held on April 1,
8  2008.  At the defendant's initial appearance, United States Magistrate Judge Anthony J. Battaglia set
9  a hearing date for the determination of counsel for April 10, 2008, and a pretrial motions hearing and
10 trial setting date of May 5, 2008, at 2:00 P.M, which was later continued to May 7, 2008.  On
11 April 4, 2008, Magistrate Judge Battaglia set conditions of release for the defendant which included
12 posting a $100,000 bond secured by real property. (Rec. Doc. No. 8).  On April 10, 2008, Magistrate
13 Judge Battaglia confirmed the appointment of the Federal Defender to represent the defendant.
14       On April 22, 2008, in response to motions filed by the United States on April 15 and 16,
15 2008, the Court entered orders authorizing the limited disclosure of tax returns and return
16 information and permitting the government to disclose grand jury material.  The government
17 provided over 5,000 pages of discovery to defense counsel on April 23, 2008 and April 29, 2008.
18       On May 7, 2008, the defendant, through defense counsel, moved to continue the motions
19 hearing date in order to have adequate time to review the evidence provided by the government.  The
20 Court orally found that the ends of justice warranted a continuance of the motions hearing date until
21 June 30, 2008 and excluded the time between May 7, 2008 and June 30, 2008 from the Speedy Trial
22 Act computation.
23       On May 29, 2008, a grand jury returned a Superseding Indictment against the defendant
24 charging two additional counts of filing false tax returns, in violation of 26 U.S.C. § 7206(1), and
25 three additional counts of willful failure to pay tax, in violation of 26 U.S.C. § 7203.  On the same
26 date, the defendant was arraigned on the Superseding Indictment.  During that hearing, the defendant
27
28 Joint Motion to Continue Pretrial Proceedings
    And Trial Date Pursuant to the Speedy Trial Act    2    08CR0918-L

orally moved to terminate the Federal Defender's Office as her counsel of record and to represent herself. After inquiry by Magistrate Judge Battaglia, defendant's motion to proceed *pro se* was granted. On the same date, Judge Battaglia denied without prejudice the defendant's motion for a modification of bail. (Rec. Doc. No. 25).

The government provided additional discovery to the defendant on June 12, 2008 and June 16, 2008. The defendant failed to file any motions on or before the June 30, 2008 motions hearing date set by the Court. On June 30, 2008, the defendant, upon further inquiry by the Court regarding her decision to appear *pro se*, confirmed that she wants to represent herself in this case and asked the Court for an eight-week continuance to prepare pre-trial motions. As of the date of the filing of this motion, the defendant has been unable to satisfy the conditions of release set by the Court and remains detained.

This case involves a defendant charged in a 30-count Superseding Indictment alleging multiple tax offenses spanning five years. The method of proof with respect to the charges that the defendant filed false tax returns pursuant to 26 U.S.C. § 7206(1) is an indirect method of proving unreported income which entails the analysis of thousands of pages of bank records. There is voluminous discovery in this matter. To date, the government has provided to the defendant and stand-by counsel in excess of 6,500 pages of discovery, and there are approximately thirty-two boxes of additional documents seized during a consent search and the execution of a search warrant at two locations that have been made available to the defendant or stand-by counsel to copy and inspect. The defendant and stand-by counsel need additional time to review the discovery in order to effectively prepare for pretrial proceedings and trial.

On July 2, 2008, the government met with the defendant who confirmed that she desired a continuance in order to prepare and file pre-trial motions. The defendant also advised the government that she did not want or require any additional time after such a continuance to prepare for trial.

The parties stipulate and agree that taking into account due diligence, it is unreasonable to expect the defendant to adequately and effectively prepare for pretrial proceedings and trial within

the limits set forth in the Speedy Trial Act, 18 U.S.C. § 3161. The parties further stipulate and agree that the failure to grant a continuance would unreasonably deny the defendant the reasonable time necessary for effective preparation for pretrial motions and would result in a miscarriage of justice. The parties further stipulate and agree that the ends of justice served by granting a continuance of pretrial proceedings and trial outweigh the best interest of the public and the defendant in a speedy trial.

As of July 1, 2008, the government has calculated that 40 days were remaining until the 70-day time for trial expires with respect to the charges pending against the defendant. According to the government's calculation, absent a continuance, trial would have to commence on or before August 8, 2008.[1] In order to permit the defendant sufficient time to prepare pretrial motions and permit both parties adequate time to prepare for trial, the parties are requesting a continuance of the trial date until September 9, 2008, which is 30 days beyond the otherwise applicable limits of the Speedy Trial Act.

Given the defendant's *pro se* status, the government agrees that a continuance is necessary in order to allow the defendant the adequate time to prepare for and file pre-trial motions and that the ends of justice will be served by setting a motions hearing date on August 25, 2008 and setting trial to begin on September 9, 2008. Such a schedule will allow the defendant adequate time to prepare and file pretrial motions and will not unreasonably delay the trial in this case.

////

---

[1] At the June 30, 2008 hearing, the Court clerk indicated that the time for trial would not elapse until August 14, 2008.

WHEREFORE, the parties jointly move the Court for an order finding that the ends of justice served by granting a continuance of pretrial proceedings until August 25, 2008 and a continuance of the trial date until September 9, 2008, outweigh the best interest of the public and the defendant in a speedy trial, pursuant to 18 U.S.C. § 3161(h)(8)(A), (B)(i), and (iv).

DATED:

7/02/08

Fe S. Garrett

7/2/08

s/ Christopher S. Strauss
Christopher S. Strauss
Special Assistant U.S. Attorney
Email: christopher.s.strauss@usdoj.gov

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 08CR0918-L |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | CERTIFICATE OF SERVICE |
| FE S. GARRETT, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

IT IS HEREBY CERTIFIED THAT:

I, Christopher S. Strauss, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action.

I have caused service of JOINT MOTION TO CONTINUE PRETRIAL PROCEEDINGS AND TRIAL DATE PURSUANT TO THE SPEEDY TRIAL ACT on defendant FE S. GARRETT, pro se, by sending a copy of the motion via United States Mail to defendant at the following address:

The Geo Group
Reg. # 0799-0298
Western Region Detention Facility
220 West C Street
San Diego, CA 92101

//

I have caused service of JOINT MOTION TO CONTINUE PRETRIAL PROCEEDINGS AND TRIAL DATE PURSUANT TO THE SPEEDY TRIAL ACT on defendant's standby counsel by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them:

Erica Kristine Zunkel  Erica_zunkel@fd.org
Federal Defenders of San Diego
225 Broadway, Suite 900
San Diego, CA 92101

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 2, 2008.

/s/ Christopher S. Strauss
CHRISTOPHER S. STRAUSS
Special Assistant United States Attorney