UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>FE S. GARRETT<br><br>　　　　　Defendant. | Criminal Case No.  08CR0918-L<br><br>ORDER GRANTING JOINT MOTION TO CONTINUE AND FINDINGS OF FACT EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT, PURSUANT TO 18 U.S.C. § 3161(h) |

FINDINGS OF FACT

　　　　The Court, having considered the factual representations and the joint motion filed on behalf of the United States and the defendant Fe S. Garrett, makes the following findings in support of this order excluding time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161, et seq.

　　　　1.　　On April 1, 2008, defendant Fe. S. Garrett made her initial appearance and was arraigned on a 25-count Indictment charging the defendant with 20 counts of aiding and assisting in the preparation and presentation of false tax returns, in violation of 26 U.S.C. § 7206(2), two counts of filing false tax returns in violation of 26 U.S.C. § 7206(1), and three counts of willful failure to pay tax, in violation of 26 U.S.C. § 7203.

　　　　2.　　At the defendant's initial appearance, United States Magistrate Judge Anthony J. Battaglia set a hearing date for the determination of counsel for April 10, 2008, and a pretrial

1

motions hearing and trial setting date of May 5, 2008, at 2:00 P.M, which was later continued to May 7, 2008.

3. On April 22, 2008, in response to motions filed on behalf of the United States on April 15 and 16, 2008, the Court entered orders authorizing the limited disclosure of tax returns and return information and permitting the government to disclose grand jury material. The government provided over 5,000 pages of discovery to defense counsel on April 23, 2008 and April 29, 2008.

4. On May 7, 2008, the defendant, through defense counsel, moved to continue the motions hearing date in for adequate time to review the evidence provided by the government. The Court orally found that the ends of justice warranted a continuance of the motions hearing date until June 30, 2008 and excluded the time between May 7, 2008 and June 30, 2008 from the Speedy Trial Act computation.

5. On May 29, 2008, a grand jury returned a Superseding Indictment against the defendant charging two additional counts of filing false tax returns, in violation of 26 U.S.C. § 7206(1), and three additional counts of willful failure to pay tax, in violation of 26 U.S.C. § 7203. On the same date, the defendant was arraigned on the Superseding Indictment.

6. On May 29, 2008, the defendant orally moved to terminate the Federal Defender's Office as counsel of record and to represent herself, which motion was granted. (Rec. Doc. No. 25). On the same date, the defendant's motion for a modification of bail was denied without prejudice.

7. The government provided additional discovery to the defendant on June 12, 2008 and June 16, 2008. On June 12, 2008, the government filed a motion on for further inquiry as to the defendant's pro se status to be heard on June 30, 2008.

8. The defendant failed to file any motions on or before the June 30, 2008 motions hearing date set by the Court. On June 30, 2008, the defendant, upon further inquiry by the Court regarding her decision to appear *pro se*, confirmed that she wants to represent herself in this case and asked the Court for an eight-week continuance to prepare pre-trial motions. As of the date of the filing of this motion, the defendant has been unable to satisfy the conditions of release set by the Court and thus remains detained.

9. The discovery in this case is voluminous, involving in excess of 6,500 pages of discovery and approximately thirty-two boxes of additional documents seized during the execution of a search warrant and a consent search at two locations.

10. The method of proof with respect to the charges that the defendant filed false tax returns pursuant to 26 U.S.C. § 7206(1) is an indirect method of proving unreported income which entails the analysis of thousands of pages of bank records.

11. In order to permit the defendant sufficient time to prepare pretrial motions and permit both parties adequate time to prepare for trial, a continuance of the trial date until September 9, 2008, which is 30 days beyond the otherwise applicable limits of the Speedy Trial Act, is not unreasonable delay.

12. Taking into account due diligence, it is unreasonable to expect the defendant to adequately and effectively prepare for pretrial proceedings and trial within the time limits set forth in the Speedy Trial Act, 18 U.S.C. § 3161.

13. The failure to grant a continuance would unreasonably deny the defendant the time necessary for effective preparation and would result in a miscarriage of justice.

14. Given the defendant's *pro se* status, a continuance will permit the defendant adequate time to prepare for and file pre-trial motions the ends of justice will be served by setting a motions hearing date on August 25, 2008 and setting trial to begin on September 9, 2008.

15. The Court finds that based upon the facts and information known to the Court, including the stipulation of the parties, and based upon good cause, the ends of justice served by granting a continuance of pretrial proceedings and by setting a trial date beyond the otherwise applicable time limits set forth in the Speedy Trial Act outweigh the best interest of the public and the defendant in a speedy trial, pursuant to 18 U.S.C. § 3161(h)(8)(A), (B)(i) and (iv).

Accordingly,

IT IS ORDERED that the joint motion of the parties for a continuance of pretrial proceedings and for a trial date beyond the otherwise applicable time limits set forth in 18 U.S.C. § 3161 is GRANTED.

1   IT IS FURTHER ORDERED that a motions hearing is set for August 25, 2008 and trial is set for September 9, 2008. The period of delay resulting from the granting of this continuance shall be excluded in computing time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161.

**IT IS SO ORDERED.**

DATED: July 3, 2008

_____
M. James Lorenz
United States District Court Judge