# Declaration of Cecilia Braga
## pursuant to 28 U.S.C. § 1746

I, Cecilia Braga, declare the following:

1. I am over 18 years of age, am a resident of California, and am competent to make this declaration.

2. I am making this declaration in connection with pretrial motions in the case *United States v. Fe S. Garrett*, 08CR0918-L.

3. I am a Special Agent with the Internal Revenue Service in the WALNUT CREEK, California Field Office. I have held this position since DECEMBER, 1995 AM.

4. As part of my duties, I was assigned to the case of Fe Garrett ("Garrett") of San Diego, California. On April 2, 2003 and August 6, 2003, I entered Garrett's place of business at 914 East 8th Street, Suite 213, San Diego, California as an under cover agent under the name of Cecilia Vicente. As Cecilia Vicente I posed as a potential client who was there to get her tax return prepared.

5. During each of these visits I was fitted with an Eagle recording device and a transmitter. The devices were activated and placed into my purse. In each case a recording was made of the entire visit to

1

EXHIBIT B

2472042.2
3505406.1

Garrett's office.

6. On April 2, 2003 I spoke directly with Garrett. As I entered Garrett's office I observed Gregory Garrett, Sr. meeting with a client and at the same time that Garrett was having a discussion with a different client behind the counter.

7. During this visit to Garrett's office I spoke directly to Garrett as well. She made the following statement during our conversation:

> **Me**: Do you go - - - I'm just going to drop my stuff off, but - - so when I come pick it - - you're going to call me up when it's done?
>
> **Garrett**: We'll call you.
>
> **Me**: Do you go over the return with me?
>
> **Garrett**: My husband does.
>
> **Me**: Oh, okay.
>
> **Garrett**: Yeah, if there is a question like why, most of the question is -- how can you explain why I have a little refund right now than last year. Then I will explain. I usually explain in the paper, I analyze --

8. On August 6, 2003 I spoke with Gregory Garrett, Sr. and observed his actions at Garrett's business. I observed Gregory Garrett, Sr. assist

2

three different clients while I was present.

9. Gregory Garrett, Sr. assisted the first client over the phone. He explained to the client when the return would be ready and that he will call them back when it was ready.

10. The second client came in to the office. He assisted that client with their tax return explaining that there was a problem with the return so he could not provide it to the client until he figured out the problem. He also told the client that he will find out what is wrong with the return and that the client should come back later.

11. Later on in my conversation with Gregory Garret, Sr. I witnessed him with a third client who came into the office. I observed him assisting this client with a new appointment and providing the client with a completed return. He points out the client's refund amount. He then explains to the client that they would have had to pay $8,469 instead of getting a refund if the client had gone to another commercial tax return preparation firm.

12. I certify that the transcript from the recording of the visit on August 6, 2003 is a true and accurate record of the statements that were made during that visit.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the

foregoing is true and correct.

Executed on:

__8/13/08__
Date

__SEATTLE, WA__
City, State

By:

*[signature]*
Cecilia Braga