KAREN P. HEWITT
United States Attorney
CHRISTOPHER S. STRAUSS
ELIZABETH C. HADDEN
Special Assistant U.S. Attorneys
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal Case No.  08CR0918-L |
| Plaintiff, | GOVERNMENT'S MOTION IN LIMINE TO INTRODUCE BUSINESS RECORDS |
| v. | |
| FE S. GARRETT | Fed. R. Evid.  803(6) and 902(11) |
| Defendant. | |

The United States, by and through its counsel Karen P. Hewitt, United States Attorney, Christopher S. Strauss and Elizabeth C. Hadden, Special Assistant United States Attorneys hereby submits its Motion in Limine to Introduce Business Records. The United States respectfully moves the Court to rule, pursuant to Federal Rule of Evidence 104, that the government exhibits listed in the table below are admissible as business records pursuant to Federal Rule of Evidence 803(6) and that the below business records are authentic because they have been certified pursuant to Federal Rule of Evidence 902(11). A copy of the certification[1] for each exhibit is attached to this motion as

---

[1] The Comerica Bank records were provided on April 23, 2008.  We are waiting for the certification to be completed. The certification should be completed and provided on August 25, 2008
(continued...)

Exhibit 1. A pretrial ruling to this effect will permit the trial to proceed more efficiently and expeditiously, and will prevent inconvenience to witnesses who would be traveling from out of state for the sole purpose of authenticating business records.

The following documents[2/] are admissible records of regularly conducted activity pursuant to Federal Rule of Evidence 803(6) and all are certified by a written declaration by a custodian or other qualified person certifying pursuant to Federal Rule of Evidence 902(11) that the documents 1) were made at or near the time of the occurence of the matters set forth by or from information transmitted by a person with knowledge of those matters; 2) were kept in the course of the regularly conducted activity; and 3) were made by the regularly conducted activity as a regular practice:

| Bates-Stamp Range | Business Records Description |
| --- | --- |
| FG-BK-BOA82-95<br>Pages: 00004-00228 | Bank of America,<br>10533-01682<br>(FE SIMBAJON GARRETT / GARRETT'S REALTY & MORTGAGE)<br><br>Bank of America,<br>01713-09955<br>(FE SIMBAJON GARRETT / GARRETT'S REALTY & MORTGAGE |
| FG-BK-COM466<br>Pages: 00001 - 00088 | Comerica Bank,<br>1892362466<br>(FE S GARRETT DBA GARRETT'S REALTY & MORTGAGE) |

---

[1/](...continued) or August 26, 2008. The documents from Sierra Pacific Mortgage certification was provided to the government on August 22, 2008 and is being provided to defendant contemporaneously.

[2/]All of these documents are the underlying admissible evidence for which the Federal Rule of Evidence 1006 summaries are based. The notice for the Federal Rule of Evidence 1006 summaries was filed on July 31, 2008.

| | | |
|---|---|---|
| 1,2,3,4,5,6,7 | FG-BK-NICU-00-50<br><br>Pages: 0002 - 1822 | North Island Federal Credit Union,<br><br>97339550<br><br>(G M GARRETT)<br><br><br><br>North Island Federal Credit Union, ,<br><br>97339500<br><br>(G M GARRETT) |
| 8,9,10,11 | FG-BK-NICU52<br><br>Pages: 00002 - 00773 | North Island Federal Credit Union,<br><br>0114708052<br><br>(GARRETT'S REALTY AND MORTGAGE) |
| 12,13,14 | FG-BK-SWCB059<br><br>Pages: 00003 - 00409 | Southwest Community Bank,<br><br>51004059<br><br>(FE S GARRETT DBA GARRETT'S REALTY & MORTGAGE) |
| 15,16,17 | FG-BK-SWCB506<br><br>Pages: 00001 - 00082 | Southwest Community Bank,<br><br>50004506<br><br>(FE S GARRETT) |
| 18,19,20,21 | FG-BK-WAMU790<br><br>Pages: 00002 - 00039 | Washington Mutual Bank,<br><br>389-623079-0<br><br>(FE S GARRETT TRUSTEE FOR GREGORY GARRETT) |
| 22,23,24,25 | FG-BK-WAMU425<br><br>Pages: 00001 - 00007 | Washington Mutual Bank,<br><br>4444-007542-5<br><br>(GARRETT'S TAX & ACCTG. SERVICE / FE S GARRETT) |

Government's Motion in Limine to
Introduce Business Records                     3                        08CR0918-L

| | |
|---|---|
| FG-BK-WAMU441<br>Pages: 00002 - 00035 | Washington Mutual Bank,<br>444-007544-1<br>(GARRETT'S REALTY & MORTGAGE / FE S GARRETT) |
| FG-BK-WAMU934<br>Pages: 00001 - 00392 | Washington Mutual Bank,<br>387-485493-4<br>(GREGORY GARRETT JR) |
| FG-AM-2<br>Pages: 0008 - 0009 | American Mortgage Network, Inc.<br>List of Loans Originated by Garrett's Realty & Mortgage |
| FG-SP<br>Page: 0002 | Sierra Pacific Mortgage<br>Check Register for All Checks Issued to Garrett's Realty & Mortgage |
| FG-TI<br>Pages: 0002 - 0006 | First American Title<br>Disbursement Reports and Checks Issued to Garrett's Realty & Mortgage |
| FG-TI<br>Pages: 0008-0010 | Commonwealth Land Title Company<br>Escrow Ledger and Checks Issued to Garrett's Realty & Mortgage |
| FG-TI<br>Pages: 0012 - 0013 | Laurel Hill Escrow Services, Inc.<br>Checks Issued to Garrett's Realty & Mortgage |
| FG-TI<br>Pages: 0015 - 0027 | Southland Title<br>Settlement Statement, Disbursement Report, Copies of Checks Issued to Garrett's Realty & Mortgage |
| FG-TI<br>Pages: 0036 - 0052 | West Coast Escrow<br>Settlement Statements, Records of Disbursements |

On April 23, 2008, defendant was provided the business records and the certifications from Bank of America, Comerica Bank[3], North Island Credit Union, Placer Sierra Bank (Southwest

---

[3] The Comerica Bank records were provided on April 23, 2008.  We are waiting for the
(continued...)

Government's Motion in Limine to
Introduce Business Records               4                              08CR0918-L

Community Bank), Washington Mutual Bank and Sierra Pacific Mortgage[4/]. The business records and certification of American Mortgage Network were provided to defendant on April 23, 2008 with further production on June 16, 2008. On June 12, 2008 defendant was provided the business records and certifications of First American Title, Commonwealth Land Title, Laurel Hill Escrow Services, Inc., Southland Title and Westcoast Escrow Company.

On July 30, 2008, Christopher Strauss, Special United States Attorney, sent a letter to defendant requesting a stipulation as to authenticity and admissibility of the above business records. On August 11, 2008, Erica Zunkel, defendant's stand-by counsel, emailed Christopher Strauss and stated that defendant "is willing to submit to the admissibility of the business records." On August 21, 2008, Erica Zunkel emailed Christopher Strauss and stated that defendant "has changed her mind about the stipulations."

To introduce these records at trial with live witnesses would require the government to bring 11 additional witnesses to San Diego. This would impose a large and unnecessary burden on the witnesses and their employers.

**LAW AND ARGUMENT**

The Court may determine the admissibility of evidence before the commencement of trial. Fed. R. Evid. 104. When evidence is admitted subject to the jury's finding that a threshold condition is satisfied, "the judge makes a preliminary determination whether the foundation evidence is sufficient to support a finding of fulfillment of the condition." United States v. Gil, 58 F.3d 1414, 1419 (9th Cir. Cal. 1995) *citing* Fed. R. Evid. 104(b) advisory committee's note; see United States v. Reilly, 33 F.3d 1396, 1404-05 (3rd Cir. 1994) ("Once the court finds that evidence has been introduced sufficient to permit a reasonable juror to find that the matter in question is what its proponent claims, a sufficient foundation for introduction in evidence has been laid.")

---

[3/](...continued)
certification to be completed. The certification should be completed and provided on August 25, 2008 or August 26, 2008.

[4/]The Sierra Pacific Mortgage certification was provided to the government on August 22, 2008 and is being provided to the defendant contemporaneously.

The government exhibits at issue consist of the records of domestic financial institutions, including banks and mortgage companies. As such, these records are exceptions to the hearsay rule because they are records of regularly conducted activity as defined in Rule 803(6). This rule states:

> A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record or data compilation, all as shown by the testimony of the custodian or other qualified witness, or by certification that complies with Rule 902(11), Rule 902(12), or a statute permitting certification, unless the source of information or the method of circumstances of preparation indicate lack of trustworthiness. The term "business" as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.

The Rule specifies that a live witness need not testify at trial to prove that a record qualifies under Rule 803(6), because a certification that complies with Rule 902(11) is sufficient for this purpose. The domestic financial records at issue in this motion have been certified by their custodians, pursuant to Rule 902(11) as meeting the requirements of Rule 803(6). Copies of these certifications are attached to this motion, and defendant was just given notice that the United States intended to introduce records pursuant to Rule 902(11). Accordingly, these exhibits should be admitted as both authentic and exceptions to the hearsay rule.

The admissibility of business records under Rules 803(6) and 902(11) and the procedure set forth in Rule 104 for determination of the preliminary questions regarding admissibility are unaffected by the Supreme Court's decision in <u>Crawford v. Washington</u>, 541 U.S. 36 (2004), which applies to certain hearsay. In *Crawford*, the Supreme Court held that "testimonial" hearsay may not be admitted in a criminal trial unless the declarant is unavailable and the defendant had a prior opportunity for cross-examination. However, the Court made clear that business records admitted pursuant to an evidentiary hearsay exception are not testimonial statements with which the Sixth Amendment Confrontation Clause is concerned. *Id.* at 56.[5]

---

[5] The decision in *Crawford*, assuring a right to confront witnesses at trial, also has no bearing on the pretrial determination of admissibility authorized by Rule 104. That rule has long provided that the rules of evidence do not apply in the trial judge's determination of admissibility Further, the Supreme Court has often held that the right of confrontation does not apply to the same extent at pretrial

(continued...)

Government's Motion in Limine to
Introduce Business Records                    6                              08CR0918-L

1  The Ninth Circuit has held that a business record is not testimonial because it is kept in the
2 regular course of business and therefore the confrontation clause is not at issue. United States v.
3 Evans, 178 Fed. Appx. 747, 750-751 (9th Cir. Cal. 2006) *citing* Fed. R. Evid. 803(6); Crawford v.
4 Washington, 541 U.S. 36, 56, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004); Parle v. Runnels, 387 F.3d
5 1030, 1037 (9th Cir. 2004). Additionally, Rule 902(11) certifications are not testimonial in nature.
6 United States v. Weiland, 420 F.3d 1062, 1077 (9th Cir. Wash. 2005); United States v. Rueda-Rivera,
7 396 F.3d 678, 680 (5th Cir. 2005) (per curiam) (Holding that a routine certification by the custodian
8 of a domestic public record and a routine attestation to authority and signature are not testimonial in
9 nature.); United States v. Cervantes-Flores, 421 F.3d 825, 833 (9th Cir. 2005) (holding that a
10 certification of the non-existence of business records under Rule 803(10) is not testimonial).

11  Here, all of the business records are admissible pursuant to Rule 803(6) and have been
12 previously provided to defendant. Each record has been certified by a custodian of records. Those
13 certifications also have been provided to defendant. Finally, notice has been given by the
14 government prior to trial that the we intend to admit these records pursuant to 803(6) and 902(11).
15 Therefore, the United States has complied with the necessary rules of evidence to allow the business
16 records to be admitted without having to physically call each custodian to testify during the trial.

17
18 **CONCLUSION**
19  Accordingly, the government respectfully requests that the Court enter a pretrial order finding
20 the government exhibits listed to be authentic and not barred by the hearsay rule pursuant to Rules
21 803(6) and 902(11).

---

[5]/(...continued)
hearings as it does at trial. For example, the Court has held that hearsay is admissible at a pretrial suppression hearing. *United States v. Raddatz*, 447 U.S. 667, 679 (1980); *States v. Matlock*, 415 U.S. 164, 172-75 (1974) (suppression hearing); *McCray v. Illinois*, 386 U.S. 300, 312-13 (1967) (probable cause hearing).

DATED: August 22, 2008

/s/ Elizabeth C. Hadden
Elizabeth C. Hadden
Special Assistant United States Attorney
Attorney for Plaintiff
United States of America
Email: Elizabeth.C.Hadden@usdoj.gov

/s/ Christopher S. Strauss
Christopher S. Strauss
Special Assistant United States Attorney
Attorney for Plaintiff
United States of America
Email: Christopher.S.Strauss@usdoj.gov

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28 Government's Motion in Limine to
Introduce Business Records                 9                                08CR0918-L

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 08CR0918-L |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | CERTIFICATE OF SERVICE |
| FE S. GARRETT, | ) | |
| Defendant. | ) | |

IT IS HEREBY CERTIFIED THAT:

I, Elizabeth C. Hadden, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action.

I have caused service of GOVERNMENT'S MOTION IN LIMINE TO INTRODUCE BUSINESS RECORDS, pro se, by sending a copy of the motion via Federal Express on August 22, 2008 to Defendant at the following address:

Fe Garrett
The Geo Group
Reg. # 0799-0298
Western Region Detention Facility
220 West C Street
San Diego, CA 92101

//

I have caused service of GOVERNMENT'S MOTION IN LIMINE TO INTRODUCE BUSINESS RECORDS on Defendant's standby counsel by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them:

Erica Kristine Zunkel
Erica_zunkel@fd.org
Federal Defenders of San Diego
225 Broadway, Suite 900
San Diego, CA 92101

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 22, 2008.

/s/ Elizabeth C. Hadden
ELIZABETH C. HADDEN
Special Assistant United States Attorney