FE S. GARRETT
PRO SE
Reg. No. 07990-298
The Geo Group
220 West C. Street
San Diego, CA 92101

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE M. JAMES LORENZ)**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>v.<br><br>**FE S. GARRETT**,<br><br>      Defendant. | Case No. 08CR0918-L<br><br>STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTIONS *IN LIMINE* |

**I.**

**STATEMENT OF FACTS**

The defendant incorporates by reference her previous statement of facts and adds the following. The government recently provided notice of its intent to introduce extensive Rule 404(b) evidence against her, including several prior tax returns prepared by her for other people in the year 2000 and 2003; the preparation of a "false" tax return for Ceclia Braga, an undercover Internal Revenue Service Special Agent; and alleged admissions by the defendant and her husband, Gregory Garrett.

///

///

///

///

## II.

## **PRECLUDE 404(B) EVIDENCE**

The defendant objects under Federal Rules of Evidence 401, 403, and 404, as well as the Fifth and Sixth Amendments to the Constitution, to the introduction of Rule 404(b) evidence in this case.

Rule 404(b) provides, in part, as follows:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

Rule 403 provides as follows:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Under Rule 404(b), the proffered evidence must prove something other than character or propensity. *Huddleston v. United States*, 485 U.S. 681, 686. Furthermore, before the Court may admit 404(b) evidence, the government must demonstrate that it is relevant for a specific purpose other than propensity, such as motive, intent, and knowledge. This is to ensure that "the shotgun use of extrinsic 'bad man' evidence." *United States v. Curtin*, 489 F.3d 935, 944 (9th Cir. 2007) (en banc). After requiring the government to identify the specific purpose for which the evidence is offered, "the district court must determine whether the identified purpose, whether to prove motive or intent or identity [or] some other purpose, is 'material'; that is, whether it is 'in issue' in the case." *Id*. at 958. If the Court finds it is "in issue," "the court must *then* determine, before admitting the other acts evidence, whether the probative value of the evidence is substantially outweighed by the danger of unfair prejudice under Rule 403." *Id*. Of course, the court may also exclude 404(b) evidence under Rule 403 on any of the following additional grounds: confusion of the issues, misleading the jury, undue delay, waste of time, or needless presentation of cumulative evidence.

///

///

The government's proffered evidence should be excluded. First, the government has failed to identify a specific purpose for this evidence. Second, even if the government is able to enunciate a specific purpose for it, the proffered evidence should be excluded pursuant to Rule 403 as overly prejudicial, a waste of time, and needless presentation of cumulative evidence in what already portends to be a lengthy trial.

## III.

## ALLOW THE DEFENSE TO VOIR DIRE THE JURY

Pursuant to the Fifth and Sixth Amendments, and FED. R. CRIM. P. 24(a), the defendant requests she have the opportunity to personally *voir dire* the prospective jury members. Individual *voir dire* assists in assuring that the defendant has an impartial and qualified jury, and in assisting her in the intelligent exercise of peremptory challenges given the numerous counts and sensitive issues involved in this case. *See Rosales-Lopez v. United States*, 451 U.S. 182, 187 (1981) (holding that "lack of adequate *voir dire* impairs the defendant's right to exercise peremptory challenges where provided by statute or rule, as it is in the federal courts"); *Paine v. City of Lompoc*, 160 F.3d 562, 564 (9th Cir. 1998) (stating that "*voir dire* ought to be adequate to assure an impartial jury, by enabling the parties intelligently to exercise their challenges"); *Darbin v. Nourse*, 664 F.2d 1109, 1113 (9th Cir. 1981) ("[A] *voir dire* examination must be conducted in a manner that allows the parties to effectively and intelligently exercise their right to peremptory challenges and challenges for cause.") (footnote omitted). Accordingly, this Court should allow defense counsel the opportunity to *voir dire* the prospective jury.

## IV.

## PRECLUDE ANY STATEMENTS MADE BY THE DEFENDANT'S HUSBAND, GREGORY GARRETT, AS INADMISSIBLE HEARSAY AND VIOLATIVE OF THE DEFENDANT'S SIXTH AMENDMENT CONFRONTATION CLAUSE RIGHTS

The government has moved *in limine* to introduce statements of the defendant's husband, Gregory Garrett, against her pursuant to Fed. R. Evid. 801(d)(2)(C), (D), and (E) as admissions of a party opponent. Under any of these theories of admissibility set forth by the government in its motion, the Court must make a preliminary determination whether a relationship (agent, co-

conspirator, etc.) exists such that Mr. Garrett's statements are admissible against the defendant. The defendant requests an evidentiary hearing pursuant to Fed. R. Evid. 104 and *Bourjaily v. United States*, 483 U.S. 171 (1987), on these issues.

Even if the Court determines Mr. Garrett's statements are admissible under the Federal Rules of Evidence, the Court should exclude them because their admission would violate the defendant's Sixth Amendment rights. The Sixth Amendment's Confrontation Clause states that "[i]n all criminal prosecutions, the accused shall enjoy the right...to confront the witnesses against him." In *Crawford v. Washington*, 541 U.S. 46 (2004), the Supreme Court held that the testimonial statements of witnesses absent from court require both the unavailability of the witness and prior opportunity for cross-examination. The Supreme Court clarified the parameters of "testimonial" statements in *Davis v. Washington*, 547 U.S. 813, 822 (2006), finding that statements "are testimonial when the circumstances objectively indicate that there is no such ongoing emergency, and that the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution."

Here, the statements made by Mr. Garrett to undercover IRS SA Braga were testimonial. IRS SA Braga engaged in the conversation with Mr. Garrett in order to "establish or prove...events potentially relevant to later criminal prosecution." The primary purpose of the interaction with Mr. Garrett, obviously, was investigatory. The defendant never has had an opportunity to cross-examine Mr. Garrett and anticipates that he would invoke his Fifth Amendment rights if called as a witness at trial. Accordingly, his statements cannot be admitted against the defendant without violating her constitutional rights.

V.

## CONCLUSION

For the reasons stated, I request that this Court grant my motions *in limine*.

Respectfully submitted,

DATED:   August 25, 2008

*Fe S. Garrett*
FE S. GARRETT
Pro Se